UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DARIA G., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) C.A. No. 1:25-cv-00454-MSM-PAS |
|  | ) |
| FRANK BISIGNANO, Commissioner, | ) |
| Social Security Administration, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Daria G., applied for Supplemental Security Income ("SSI") benefits. After initial and reconsideration denials, a hearing was held before an Administrative Law Judge ("ALJ"), who denied the claim on June 27, 2024. The Appeals Council denied review on July 8, 2025, rendering the ALJ's decision the final decision of the Commissioner of the Social Security Administration.

Before the Court are Daria's Motion to Reverse the Decision of the Commissioner (ECF No. 10) and the Commissioner's Motion to Affirm (ECF No. 14). After reviewing the record and the parties' submissions, the Court GRANTS Daria's Motion insofar as it seeks remand and DENIES the Commissioner's Motion.

## I.    BACKGROUND

Daria was 39 years old when she applied for SSI on March 2, 2023, alleging disability beginning August 1, 2017. She has a tenth-grade education with past

1

relevant work as a hotel/motel housekeeper. She alleges disability due to cervical disc disease, major depressive disorder ("MDD"), hearing loss in the right ear, chronic right shoulder pain, gastroesophageal reflux disease, migraines, and anxiety. (ECF No. 10 at 3.) The ALJ found her degenerative disc disease of the cervical spine, MDD, and generalized anxiety disorder to be severe impairments, (ECF No. 5 at 24), and found her moderately limited in her ability to understand, remember, or apply information; to concentrate, persist, or maintain pace; and to adapt or manage herself. *Id.* at 25-26. He nonetheless concluded that Daria retained the residual functional capacity ("RFC") to perform light work with postural and manipulative restrictions accommodating her right upper extremity and no concentrated exposure to hazards, and with the following mental limitations: the ability to understand, remember, and carry out simple instructions; occasional interaction with coworkers; no interaction with the public; the ability to work independently with no tandem tasks; and tolerance for occasional changes in a routine work setting. *Id.* at 27. Based on vocational expert ("VE") testimony, the ALJ found Daria capable of performing the jobs of electric assembler, solderer, and mail clerk, totaling approximately 27,000 positions in the national economy. *Id.* at 33.

The state agency psychological consultants ("the consultants"), Drs. Hahn and Killenberg, both found Daria moderately limited in her ability to concentrate, persist, or maintain pace, to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* at 26. Both specified in their

narrative assessments that her task focus is limited to two-hour intervals, and Dr. Killenberg further noted that she could carry out simple tasks at a standard work pace. *Id.* at 86, 97.

The ALJ found Dr. Hahn's opinion unpersuasive and Dr. Killenberg's opinion persuasive only in part, in each instance faulting the consultants' use of vocationally imprecise language, though he credited Dr. Killenberg's limitations as to work complexity, social interaction, and tolerance for changes. *Id.* at 31-32.

Daria argues that (1) the ALJ failed to account in the RFC for the moderate limitations in concentration, persistence, or pace that he himself found at Step Three, including the consultants' two-hour focus limitation, and never explained the omission; (2) the ALJ's finding that the record fails to show notable mentions of distractibility misrepresents the evidence; and (3) the hypothetical posed to the VE was correspondingly incomplete, rendering the Step Five finding unsupported by substantial evidence. (ECF No. 10 at 2, 9-14.) The Commissioner responds that a "moderate" limitation assigned at Step Three serves a narrow purpose and does not translate into a work-preclusive RFC limit, and that the two-hour finding reflects the ordinary structure of a workday rather than a freestanding restriction the ALJ was required to adopt. (ECF No. 14 at 3-7.)

## II.   STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The determination of substantiality is based on an evaluation of the record as a whole. *Frustaglia v. Sec'y Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987).

The Court's role in reviewing the Commissioner's decision is limited. *Brown v. Apfel*, 71 F. Supp. 2d 28, 30 (D.R.I 1999). The Court does not reinterpret or reweigh the evidence or otherwise substitute its own judgment for that of the Commissioner. *Thomas P. v. Kijakazi*, C.A. No. 21-00020-WES, 2022 WL 92651, at *8 (D.R.I. Jan. 10, 2022), *report & recommendation adopted* (D.R.I. Mar. 31, 2022). If the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the Court would have reached a contrary result as finder of fact. *Rodriguez Pagan v. Sec'y Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). But the Commissioner's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). Further, "the Social Security Act is a remedial statute that the Commissioner and courts should broadly construe and liberally apply and whose purpose is to mitigate the rigors of life for those who are disabled or impoverished." *Katheryn H. v. King*, C.A. No. 24-cv-253-JJM-LDA, 2025 WL 521137, at *2 (D.R.I. Feb. 18, 2025) (citing *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir. 1981); *Drovak v. Celebrezze*, 345 F.2d 894 (10th Cir. 1965)).

## III.    DISCUSSION

Having found at Step Three that Daria is moderately limited in her ability to

4

concentrate, persist, or maintain pace, the ALJ produced an RFC that contains no restriction addressing off-task behavior, reduced pace, or workday interruptions.

The Commissioner is correct that a "moderate" limitation identified at Step Three does not automatically translate into a corresponding RFC restriction. *See Lisa M. v. Dudek*, C.A. No. 24-196-PAS, 2025 WL 723736, at *6 (D.R.I. Mar. 6, 2025). But the dispositive issue is not whether the Step Three finding or the consultants' two-hour phrasing had to be adopted verbatim. It is that the underlying limitations in pace, persistence, and workday completion were never addressed by any RFC restriction, and the ALJ never explained their omission. Courts in the First Circuit have consistently held that where an ALJ identifies moderate limitations in concentration, persistence, or pace, the RFC "must either adopt restrictions that address 'staying on task' or explain why such restrictions are unwarranted." *Dimambro v. U.S. Soc. Sec. Admin., Acting Comm'r*, 16-cv-486-PB, 2018 WL 301909, at *10 n.12 (D.N.H. Jan. 5, 2018); *see also McHugh v. Astrue*, 09-104-BW, 2009 WL 5218059, at *4 (D. Me. Dec. 30, 2009).

The RFC limitation to understanding, remembering, and carrying out "simple instructions" does not satisfy that requirement. A claimant can understand simple instructions yet be unable to maintain acceptable pace or attendance. *McHugh*, 2009 WL 5218059, at *4. Nor do the RFC's remaining mental restrictions (occasional interaction with coworkers, no interaction with the public, independent work with no tandem tasks, and tolerance for occasional changes in a routine work setting) speak to pace, persistence, or time off task. They instead address who Daria works around

and how much change she can tolerate, not whether she can stay on task.  This Court reached the same conclusion on materially indistinguishable facts in *Satanya A. v. Bisignano*, C.A. No. 1:25-cv-00548-MSM-PAS (D.R.I. June 1, 2026).  The ALJ did not explain why no pace or off-task restriction was warranted despite his own Step Three findings and the consultants' supporting narratives.  That gap cannot be supplied by the Commissioner's brief to this Court.  *See Nguyen*, 172 F.3d at 35; *Castro v. Acting Comm'r, Soc. Sec. Admin.*, 17-cv-399, 2018 WL 1509078, at *3 (D.N.H. Mar. 27, 2018) ("[T]he court cannot affirm an agency decision … based on post hoc rationalizations that were not part of the decision.")  Remand is required on that basis.

That omission carries into Step Five.  A VE's testimony constitutes substantial evidence only if it responds to a hypothetical that accurately describes the claimant's limitations.  *Arocho v. Sec'y of Health & Hum. Servs.*, 670 F.2d 374, 375 (1st Cir. 1982).  Because the RFC omitted any restriction addressing concentration, persistence, or pace, so did the hypothetical posed to the VE.  A moderate limitation reflected in the ALJ's written decision is "not the equivalent of no limitation at all" and must be accounted for in the hypothetical.  *Cohen v. Astrue*, 851 F. Supp. 2d 277, 286 (D. Mass. 2012).  The Step Five finding therefore rests on an incomplete hypothetical and is not supported by substantial evidence.

On remand, the ALJ shall address, with record-based explanation, whether pace, off-task behavior, or workday interruption restrictions are warranted in light of the moderate concentration, persistence, and pace findings, and shall pose a corrected hypothetical to a VE that fully reflects the RFC as properly developed.

## IV.    CONCLUSION

For these reasons, Daria's Motion to Reverse (ECF No. 10) is GRANTED insofar as it seeks remand, and the Commissioner's Motion to Affirm (ECF No. 14) is DENIED.    Final judgment shall enter for the Plaintiff remanding this case for additional administrative proceedings consistent with this Order.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

August 5, 2026